1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK INGRAM,

11              Plaintiff,                          No. CIV 09-1712 KJM PS

12        vs.

13   SOCIAL SECURITY ADMINISTRATION, et al.,

14              Defendants.                         ORDER

15   _____/

16        Defendants' motion to dismiss came on regularly for hearing October 21, 2009.

17   Plaintiff appeared in propria persona.  Bobbie Montoya appeared for defendants.  Upon review of

18   the documents in support, in opposition, and defendants' Exhibit A submitted at the hearing,

19   upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE

20   COURT FINDS AS FOLLOWS:

21        The United States and its agency, the Social Security Administration, have not

22   waived sovereign immunity.  Plaintiff's claim for constitutional torts against the defendant

23   agency, therefore, cannot be brought against the sovereign.  See 28 U.S.C. § 2679(b)(2)(A).  As

24   to the individual defendant Nguyen, no Bivens action can lie in the circumstances of this case

25   because the actions complained of were taken in the context of administering social security

26   benefits.  See Schweiker v. Chilicky, 487 U.S. 412, 424-25 (1988).

1

1    With respect to any claim against the Social Security Administration for failure to

2    properly administer plaintiff's claim, plaintiff has not exhausted administrative remedies and thus

3    this court lacks subject matter jurisdiction.  See 42 U.S.C. §§ 405(g), 1383(a)(2)(B)(xi)

4    (providing for hearing by Commissioner and judicial review of Commissioner's final decision

5    regarding determination to pay benefits to representative payee).  As to plaintiff's other tort

6    claims for defamation, professional negligence and intentional infliction of emotional distress,

7    under the Federal Torts Claims Act ("FTCA"), the agency and federal employee are immune

8    from suit.  See 28 U.S.C. § 2679(a), (d).  Even if the United States were substituted in as the

9    proper party defendant, there is no allegation that plaintiff complied with the FTCA and

10   exhausted administrative remedies.  28 U.S.C. § 2675(a).  The statement of claims dated

11   November 6 and 7, 2007, that plaintiff referenced at the hearing, do not constitute tort claims

12   made in compliance with the administrative exhaustion requirements of the FTCA.  See Ex. A in

13   Supp. Mot. To Dismiss (docket no. 38) at 13-16.

14   Because plaintiff cannot bring his constitutional tort claims and has failed to

15   exhaust his administrative remedies with respect to his other claims, this action must be

16   dismissed.

17   Accordingly, IT IS HEREBY ORDERED that:

18   1.  Defendants' motion to dismiss is granted; and

19   2.  This action is dismissed.

20   DATED:  October 27, 2009.

21

22   _____

23   U.S. MAGISTRATE JUDGE

24

25   006
     ingram-ss.57

26

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26